UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF ALL PETROLEUM-PRODUCT CARGO ONBOARD THE M/T PEGAS WITH INTERNATIONAL MARITIME ORGANIZATION NUMBER 9256860 | CASE NO. 22-sz-11<br><br>**FILED UNDER SEAL** |

**MOTION AND SUPPORTING MEMORANDUM
TO SEAL APPLICATION AND AFFIDAVIT**

COMES NOW, the United States of America, by and through undersigned counsel, and respectfully moves for an order to place and maintain under seal, until further order of this Court, the application and the affidavit in support thereof for a seizure warrant for all Petroleum-Product Cargo Onboard Motor Tanker ("M/T") PEGAS with International Maritime Organization number 9256860 (the "Target Cargo"), as well as this Motion and Supporting Memorandum to Seal Application and Affidavit, and any order granting this motion. In support whereof, the government states as follows:

1. The United States is investigating possible violations of, *inter alia*, Material Support of Terrorism, 18 U.S.C. § 2339B, and the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 *et seq.*, arising from an illicit scheme to violate U.S. sanctions against Iran in support of Iran's Islamic Revolutionary Guard Corps – Qods Force ("IRGC-QF"), which the Department of the Treasury's Office of Foreign Assets Control ("OFAC") has designated pursuant to counter-terrorism sanctions, and the involvement of Promsvyazbank Public Joint Stock Company ("PSB"), which OFAC has designated in response to the Russian invasion of Ukraine. Specifically, the investigation concerns the sale and delivery of crude oil from the National Iranian Oil Company ("NIOC"), and transported aboard tankers owned or operated by the National Iranian Tanker Company ("NITC"), PSB, and others, all for the benefit of the IRGC-QF. The Treasury

Department has designated both NIOC and NITC pursuant to counter-terrorism sanctions for financially supporting the IRGC-QF. PSB has aided and abetted in the violation of 18 U.S.C. § 2339B.

2. Evidence suggests that the targets of this investigation failed to seek or obtain the requisite licenses from OFAC, which is located in Washington, D.C.

3. The Target Cargo is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a) and 982, as a foreign asset of the IRGC-QF, a designated foreign terrorist organization, which has engaged in planning and perpetrating federal crimes of terrorism as defined in 18 U.S.C. § 2332b(g)(5) against the United States, citizens or residents of the United States, or their property, and as an assets, or sources of influence by a person or entity over the IRGC-QF.

4. The affidavit and application for a seizure warrant accompanying this motion result from evidence gathered in the course of the investigation referred to in the preceding paragraphs. The information set forth in the affidavit identifies the subject of the investigation.  If the investigation became public knowledge, it could alert targets who might destroy evidence to frustrate prosecution or move other ill-gotten gains beyond the jurisdiction of the Court.  The Government fears that premature release of the information in the affidavit might compromise the investigation's success.

5. As stated in *Washington Post v. Robinson*, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings.  But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'"  *Id.* at 290 (quoting *Oregonian Pub. Co. v. United States Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990)); *see also United States v. Hubbard*, 650

F.2d 293 (D.C. Cir. 1981); *In re Sealed Affidavits*, 600 F.2d 1256 (9th Cir. 1979); *Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975).

6. In this matter, the United States has a compelling interest in preserving the integrity of the investigation and assuring the availability for forfeiture of funds that derive from criminal activity. Thus, plaintiff submits that a limited sealing order keeping the affidavit from being available in this Court's public files is narrowly tailored to serve a compelling interest.

7. Further, the United States respectfully submits that complying with the normal notice requirements of *Washington Post* would defeat the purpose of the motion to seal. The rationale set forth above applies to this motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal a seizure warrant affidavit or a resulting sealing order means that the Government intends to seize the property. Given the sensitivity of the Government's ongoing investigation and the potential that targets familiar with the subject transaction and property might be alerted to destroy evidence and conceal other forfeitable property, complying with the normal notice requirements of *Washington Post* would defeat the purpose of the motion to seal. Consequently, this motion also asks the Court: (1) to delay entry on the public docket of the filing of this Motion to Seal and Order of the Court; (2) to decide that no hearing on this motion is needed; and (3) not to make this motion, nor any order granting it, a part of the public record until further order of the Court.

8. Pursuant to Federal Rule of Criminal Procedure 49.1(b)(1) and 49.1(b)(7) and Federal Rule of Civil Procedure 5.2(b)(1), the United States respectfully submits that there is no requirement for any document filed in this case to be redacted. There is no opposing party whose position on this motion can be ascertained and stated in this motion. A proposed order granting this motion is attached for the Court's convenience.

9.      The United States is requesting authority to disclose the existence of the warrant, related pleadings, and underlying information with appropriate domestic or foreign authorities in order to facilitate seizure and transfer of the properties in question. Additionally, because the target property is an inanimate object that cannot ask for unsealing, the government is requesting authority to automatically unseal the instant matter once sealing is no longer required, without further order from this Court.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal the application and affidavit in support thereof for a seizure warrant for the Target Cargo, as well as this Motion and Supporting Memorandum to Seal Affidavit and Proposed Order, and any order granting this motion, until further order of this Court.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:     */s/ Karen P. W. Seifert*
Karen P. W. Seifert
Assistant United States Attorney
N.Y. Bar No. 4742342
United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: 202-252-7527
Email: karen.seifert@usdoj.gov